MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FRANCISCO AYALA DE JESUS and
FREDY SALUSTIO FLORES, *individually*
*and on behalf of others similarly situated,*

       *Plaintiffs*,

    -against-

P&N CUISINE INC. (D/B/A THAI SELECT),
and NIMNUAL LIKITUARIN

       *Defendants.*

-------------------------------------------------------X

            **COMPLAINT**

          **COLLECTIVE ACTION UNDER**
            **29 U.S.C. § 216(b)**

             **ECF Case**

   Plaintiffs Francisco Ayala de Jesus and Fredy Salustio Flores, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against P & N Cuisine Inc. (d/b/a Thai Select), ("Defendant Corporations"), and Nimnual Likituarin ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

  1.  Plaintiffs are both current and former employees of Defendants P & N Cuisine Inc. (d/b/a Thai Select) and Nimnual Likituarin. Defendants own, operate, or control a Thai Restaurant, located at 472 9th Ave, New York, New York 10018 under the name "Thai Select."

  2.  Upon information and belief, individual Defendant Nimnual Likituarin, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

  3.  Plaintiffs have been employed as delivery workers and food preparers at the restaurant located at 472 9th Ave, New York, New York, 10018.

  4.  Plaintiffs Ayala and Salustio have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-

tipped duties, including but not limited to cooking rice, cutting vegetables, washing dishes, cleaning the kitchen, taking out the garbage, mopping, sweeping, and refilling ice for customers' drinks (hereafter the "non-tipped duties").

5.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

6.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

8.      Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants have employed and accounted for Plaintiffs Ayala and Salustio as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

10.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because these Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants have employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them above the tip-credit rate, but below the minimum wage.

12.     In addition, Defendants have maintained a policy and practice of unlawfully appropriating these Plaintiffs' and other tipped employees' tips and have made unlawful deductions

from these Plaintiffs' and other tipped employees' wages.

13.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai Restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

**PARTIES**

*Plaintiffs*

19.    `Plaintiff Francisco Ayala de Jesus ("Plaintiff Ayala" or "Mr. Ayala") is an adult individual residing in New York County, New York.

20.    Plaintiff Ayala was employed by Defendants at Thai Select from approximately March 2016 until on or about September 2019.

21.    Plaintiff Fredy Salustio Flores ("Plaintiff Salustio" or "Mr. Salustio") is an adult individual residing in New York County, New York.

22.    Plaintiff Salustio was employed by Defendants at Thai Select from approximately November 2017 until on or about September 30, 2019.

*Defendants*

23.    At all relevant times, Defendants own, operate, or control a Thai Restaurant, located at 472 9th Ave, New York, New York 10018 under the name "Thai Select."

24.    Upon information and belief, P & N Cuisine Inc. (d/b/a Thai Select) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 472 9th Ave, New York, New York, 10018.

25.    Defendant Nimnual Likituarin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nimnual Likituarin is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nimnual Likituarin possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

# FACTUAL ALLEGATIONS

## *Defendants Constitute Joint Employers*

26.    Defendants operate a Thai Restaurant located in the Garment District section of Manhattan in New York City.

27.    Individual Defendants, Parkpoom Watanasuparp and Nawarart Watanasuparp, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Parkpoom Watanasuparp and Nawarart Watanasuparp operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

- 5 -

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

34. In each year from 2015 to 2019, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36. Plaintiffs are both current and former employees of Defendants who have been employed as food preparers and ostensibly as delivery workers. However, they have spent over 20% of each shift performing the non-tipped duties described above.

37. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Francisco Ayala de Jesus*

38.     Plaintiff Ayala was employed by Defendants from approximately March 2016 until on or about September 2019.

39.     Defendants ostensibly employed Plaintiff Ayala as a delivery worker.

40.     However, Plaintiff Ayala was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.     Although Plaintiff Ayala ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.     Plaintiff Ayala regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Ayala's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Ayala has regularly worked in excess of 40 hours per week.

45.     From approximately March 2016 until on or about September 2019, Plaintiff Ayala worked from approximately 11:00 a.m. until on or about 9:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., 2 days a week (typically 52 hours per week).

46.     Throughout his employment, Defendants paid Plaintiff Ayala his wages by check.

47.     From approximately March 2016 until on or about December 2016, Defendants paid Plaintiff Ayala $7.50 per hour for the first 40 hours and time and a half for some of his overtime hours.

48.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Ayala $8.50 per hour for the first 40 hours and time and a half for some of his overtime hours.

49.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Ayala $9.00 per hour for the first 40 hours and time and a half for some of his overtime hours.

50.     From approximately January 2019 until on or about September 2019, Defendants paid Plaintiff Ayala $12.00 per hour for the first 40 hours and time and a half for some of his overtime hours.

51.     Defendants did not pay Plaintiff Ayala his last five checks.

52.     Plaintiff Ayala was never notified by Defendants that his tips were being included as an offset for wages.

53.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ayala's wages.

54.     Defendants withheld a portion of Plaintiff Ayala's tips; specifically, Defendants withheld all of the $500 in tips customers wrote in for Plaintiff Ayala on one occasion in May 2019.

55.     Although Plaintiff Ayala was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Ayala was not compensated for all of the hours that he worked.

56.     Once In 2018, Defendants required Plaintiff Ayala to sign a document, the contents of which he was not allowed to review in detail.

57.     Defendants did not provide Plaintiff Ayala an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Ayala, in English and in Spanish (Plaintiff Ayala's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Ayala to purchase "tools of the trade" with his own funds—including a bicycle and a delivery bag.

*Plaintiff Fredy Salustio Flores*

60.     Plaintiff Salustio was employed by Defendants from approximately November 2017 until on or about September 30, 2019.

61.    Defendants employed Plaintiff Salustio as a food preparer and ostensibly as a delivery worker.

62.    However, Plaintiff Salustio was also required to spend a significant portion of his work day performing the non-tipped duties described above.

63.    Although Plaintiff Salustio ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

64.    Plaintiff Salustio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.    Plaintiff Salustio's work duties required neither discretion nor independent judgment.

66.    Throughout his employment with Defendants, Plaintiff Salustio has regularly worked in excess of 40 hours per week.

67.    From approximately November 2017 until on or about December 2018, Plaintiff Salustio worked from approximately 11:00 a.m. until on or about 11:00 p.m. to 11:30 p.m., 5 days a week (typically 60 to 62.5 hours per week).

68.    From approximately January 2019 until on or about September 30, 2019, Plaintiff Salustio worked from approximately 11:00 a.m. until on or about 11:00 p.m. to 11:30 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 5:00 p.m., 1 day a week (typically 54 to 56 hours per week).

69.    Throughout his employment, Defendants paid Plaintiff Salustio his wages in cash.

70.    From approximately November 2017 until on or about December 2018, Defendants paid Plaintiff Salustio $11.00 per hour for the first 40 hours and time and a half for some of his overtime hours.

71.    From approximately January 2019 until on or about July 2019, Defendants paid Plaintiff Salustio $15.00 per hour for the first 40 hours and time and a half for some of his overtime hours.

72.    From approximately August 2019 until on or about September 30, 2019, Defendants paid Plaintiff Salustio $18.00 per hour for the first 40 hours and time and a half for some of his overtime hours.

73.    Defendants did not pay Plaintiff Salustio his last five checks.

74.    Plaintiff Salustio was never notified by Defendants that his tips were being included as an offset for wages.

75.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Salustio's wages.

76.    Defendants withheld a portion of Plaintiff Salustio's tips; specifically, on one occasion, Defendants withheld $500 in tips that customers had written in for Plaintiff Salustio; similarly, defendants required Plaintiff Salustio to share his tips with non-tipped workers every time the tips exceeded $100.

77.    Although Plaintiff Salustio was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Salustio was not compensated for all of the hours that he worked.

78.    Defendants took improper and illegal deductions of Plaintiff Salustio's wages; specifically, Defendants deducted $3.60 per shift from Plaintiff Salustio for meals he never ate.

79.    Defendants did not provide Plaintiff Salustio an accurate statement of wages, as required by NYLL 195(3).

80.    Defendants did not give any notice to Plaintiff Salustio, in English and in Spanish (Plaintiff Salustio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.    Defendants required Plaintiff Salustio to purchase "tools of the trade" with his own funds—including a bicycle and uniform clothes.

*Defendants' General Employment Practices*

82.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

83.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

84.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

86.    Defendants have required Plaintiffs Ayala and Salustio and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

87.    These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

88.    These Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

89.    These Plaintiffs and all other tipped workers have been paid at a rate that is below minimum wage by Defendants.

90.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

- 11 -

91.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

92.     In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

93.     Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

94.     Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

95.     Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they received.

96.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

97.     Defendants have unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

98.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit or pay them the full hourly minimum wage.

99.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

100.    Defendants' time keeping system has not reflected the actual hours that Plaintiffs have worked.

101.    On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail. Defendants have required Plaintiffs to sign a document that reflected inaccurate or false hours worked. Defendants have paid Plaintiffs their wages in a combination of check and cash.

102.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

103.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

104.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

105.    Defendants have failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

106.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

107.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

108.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

109.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of

their employment, and determined the rate and method of any compensation in exchange for their

employment.

112.    At all times relevant to this action, Defendants have been engaged in commerce or in

an industry or activity affecting commerce.

113.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards

Act, 29 U.S.C. § 203 (r-s).

114.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

115.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable

minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

116.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be

determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    At all times relevant to this action, Defendants have been Plaintiffs' employers within

the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire

Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and

methods of any compensation in exchange for their employment.

119.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New

York State Department of Labor, have paid Plaintiffs less than the minimum wage.

120.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning

of N.Y. Lab. Law § 663.

121.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

OF THE NEW YORK COMMISSIONER OF LABOR

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

124.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

125.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

128.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

131.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

134.    Plaintiffs have been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

137.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

138.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

139.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

140.    Plaintiffs have been damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

141.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

143.    Defendants have made unlawful deductions from Plaintiffs' wages including, but not limited to, deductions for meals they have never eaten.

144.    The deductions made from Plaintiffs 'wages have not been not authorized or required by law.

145.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully have violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

146.    Plaintiffs have been damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

147.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

148.     Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

149.     Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 6, 2020                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 25, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Fredy Salustio Flores

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _____

Date / Fecha:                     25 de octubre 2019_____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

October 25, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Francisco Ayala  de Jesus

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _____

Date / Fecha:                      25 de octubre 2019 _____

*Certified as a minority-owned business in the State of New York*