```
                                            USDC-SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                DOC#:
SOUTHERN DISTRICT OF NEW YORK               DATE FILED: 6/10/2021
```

FRANCISCO AYALA DE JESUS, FREDY
SALUSTIO FLORES, *individually and on
behalf of others similarly situated*,

                      Plaintiffs,

                      v.

P&N CUISINE INC., NIMNUAL
LIKITUARIN,

                      Defendants.

No. 20-CV-3619 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Francisco Ayala de Jesus and Fredy Salustio Flores bring this action against their former employers, Defendants P&N Cuisine Inc. and Nimnual Likituarin, for various violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants have not appeared in this action, and Plaintiffs move for a default judgment. For the reasons that follow, Plaintiffs' motion is granted in part.

## BACKGROUND

**I.    Procedural History**

    Plaintiffs initiated this suit on May 6, 2020 as a putative collection action. They subsequently served P&N Cuisine Inc. (d/b/a Thai Select) ("P&N") with the Summons and Complaint through its authorized agent in the Office of the Secretary of State of the State of New York on May 21, 2020, Dkt. 11, and Nimnual Likituarin through a co-worker at his place of business on September 30, 2020, Dkt. 12. Neither Defendant responded to the Complaint. On October 30, 2020, the Court ordered Defendants to respond by November 20, 2020 and permitted

Plaintiff to move for a default judgment if Defendants failed to do so.  Dkt. 13.  Plaintiffs served that Order on both Defendants.  *See* Dkt. 14-15.

Pursuant to Plaintiffs' request, the Clerk of Court issued a certificate of default against both Defendants on December 2, 2020.  *See* Dkt. 16-17.  On December 9, 2020, the Court issued an order setting deadlines for a motion for default judgment.  Dkt. 25.  Plaintiffs filed the instant motion on December 15, 2020 on an individual basis, without seeking to certify a class.  Dkt. 26.  Defendants have not responded to that motion or otherwise appeared in this action.

## II.    Facts[1]

Plaintiffs Ayala and Salustio are current and former employees of Defendants P&N and Likituarin.  Compl. ¶ 1.  Both worked as delivery workers and food preparers at Thai Select, a restaurant owned, operated, and controlled by Defendants at 472 9th Ave, New York, New York 10018.  *Id.* ¶¶ 1-3.  P&N is a New York corporation.  *Id.* ¶ 24.  Liktuarin "determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees."  *Id.* ¶ 25.  Thai Select had annual sales exceeding $500,000.  *Id.* ¶ 34.

Although Plaintiffs were "ostensibly employed as delivery workers," and categorized as such on payroll, they were "required to spend a considerable part of their work day performing non-tipped duties" such as "cooking rice, cutting vegetables, washing dishes, cleaning the kitchen, taking out the garbage, mopping, [and] sweeping."  *Id*. ¶¶ 4, 9.  Over 20% of their time on each shift was spent "performing the non-tipped duties described above."  *Id.* ¶¶ 36, 41, 63.  At all

---

[1] The following facts are drawn from the Complaint, and assumed to be true for purposes of this motion for default judgment.  *See, e.g., Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

relevant times, they "worked . . . in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation" for such hours. *Id.* ¶ 5.

From March 2016 until September 2019, Ayala worked from approximately 11:00 am until 9:00 p.m. three days a week, and until 10:00 p.m. two days a week; during a typical week, he would work 52 hours. *Id.* ¶ 45. Ayala's regular wage was $7.50 per hour in 2016, $8.00 per hour in 2017, $9.00 per hour in 2018, and $12.00 per hour in 2019. *Id.* ¶¶ 47-50. He was paid at a rate of time and a half his regular wage for "some of his overtime hours." *Id.* "Defendants withheld a portion of … Ayala's tips," including "$500 in tips customers wrote in for [] Ayala on one occasion in May 2019." *Id.* ¶ 54. Ayala was never notified that "his tips were being included as an offset for wages," nor did Defendants "account for these tips in any daily or weekly accounting." *Id.* ¶¶ 52-53. Throughout his employment, Defendants paid Ayala by check, without providing him an "accurate statement of wages." *Id.* ¶¶ 46, 57. Defendants also failed to provide him notice of "his rate of pay, the employer pay day, and such other information as required by NYLL § 195(1)." *Id.* ¶ 58. Defendants also required Ayala "to purchase 'tools of the trade' with his own funds— including a bicycle and a delivery bag." *Id.* ¶ 59.

Salustio was employed by Defendants from approximately November 2017 until on or about September 30, 2019. *Id.* ¶ 60. Until December 2018, Salustio worked five days a week, from approximately 11:00 a.m. until approximately 11:00 p.m. until 11:30 p.m., totaling 60 to 62.5 hours per week. *Id.* ¶ 67. For the balance of his employment at Thai Select, he worked approximately 54 to 56 hours per week. *Id.* ¶ 68. Salustio was paid at a regular rate of $11.00 per hour from November 2017 until December 2018, $15.00 an hour from January to July 2019, and $18.00 per hour from August to September 2019. *Id.* ¶¶ 70-72. Defendants withheld a portion of Salustio's tips, requiring him to share his tips with non-tipped workers every time those tips

exceeded $100, and on one occasion withholding $500 in tips that customers had "written in" for him. *Id.* ¶ 76. They also deducted $3.60 per shift for meals he never ate. *Id.* ¶ 78. Salustio was never notified that "his tips were being included as an offset for wages," nor did Defendants "account for these tips in any daily or weekly accounting." *Id.* ¶¶ 74-76. Defendants paid Salustio his wages in cash throughout his employment. *Id.* ¶ 69. They failed to provide him with an accurate statement of wages or give him notice of his rate of pay and employer's regular pay day, as required by the New York Labor Law. *Id.* ¶¶ 79-80. Lastly, Defendants required Salustio "to purchase 'tools of the trade' with his own funds—including a bicycle and uniform clothes." *Id.* ¶ 81.

## LEGAL STANDARD

"[T]he court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). "[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

Although a "party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed.

R. Civ. P. 55(b)(2)).  A court is required to "ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

## DISCUSSION

Plaintiffs seek a default judgment on nine causes of action:  1) violation of the minimum-wage provisions of the FLSA; 2) violation of the minimum-wage provisions of the NYLL; 3) violation of the spread-of-hours requirements of the NYLL; 4) violation of the notice and recordkeeping requirements of the NYLL; 5) violation of the wage-statement provisions of the NYLL;  6) unlawful recovery of equipment costs; 7) unlawful deductions from tips in violation of the NYLL; 8) unlawful deductions from wages in violation of the NYLL; and 9) violation of the timely-payment provisions of the NYLL.  *See* Compl. ¶¶ 110-149.  The Court addresses each in turn.

### I. Minimum-Wage Claims

An employee may bring a civil action against her employer for violation of the minimum-wage provisions of both the FLSA, *see* 29 U.S.C. § 216(b), and the NYLL, *see* N.Y. Lab. Law § 663(1). In March 2016—when Ayala began his employment at Thai Select—the minimum wage in New York State was $9.00 per hour.  *See* N.Y. Lab. Law § 652(1)(a)(i).  For employers of eleven or more employees in New York City, the statutory minimum increased to $11.00 per hour in December 31, 2016, to $13.00 per hour on December 31, 2017, and to $15.00 per hour on December 31, 2018.  *Id*.  Accordingly, Defendants paid Ayala at a rate below the statutory minimum throughout his employment.  Salustio was paid below the minimum wage only from January 2018 until December 2018.  *See* Compl. ¶ 69.  Although Plaintiffs received tips during their employment at Thai Select, the Complaint does not demonstrate Defendants' eligibility for the "tip credit"—which "'permit[s] an employer to pay a tipped [employee] a cash wage that is

lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage'"—because there is no indication that Defendants provided Plaintiffs with the written notice required by the NYLL. *Feng Chen v. Patel*, No. 16 Civ. 1130 (AT) (SDA), 2019 WL 2763836, at *6 (S.D.N.Y. July 2, 2019) (quoting *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 497 (S.D.N.Y. 2015)). Plaintiffs have therefore established Defendants' liability under the NYLL § 652(1)(a)(i).

At all relevant times, however, the federal minimum wage remained at $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). Because Plaintiffs were paid at a rate higher than the federal minimum throughout their employment, Defendants are not liable under the FLSA.

### B. Spread-of-Hours Claims

According to Plaintiffs' third cause of action, Defendants' failure to pay Plaintiffs one additional hour's pay for each workday exceeding ten hours violates the NYLL. Compl. ¶ 123. Pursuant to the NYLL's implementing regulations, "[o]n each day on which the spread of hours"—defined as "the length of the interval between the beginning and end of an employee's workday"—"exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a). Both Plaintiffs allege that they routinely worked more than ten hours a day. *See* Compl. ¶¶ 45, 67. Accepting Plaintiffs' allegations as true, the Court finds Defendants liable for spread-of-hours violations.

### C. Recordkeeping and Wage-Statement Claims

The NYLL requires employers to "furnish each employee with a statement with every payment of wages" that includes, *inter alia*, the rate of payment, the gross wages provided, and the applicable overtime rate. N.Y. Lab. Law § 195(3). Section 195(1) similarly requires that an employer "provide his or her employees, in writing in English and in the language identified by

each employee as [their] primary language," a notice that includes, *inter alia,* an employee's regular hourly rate and overtime rate of pay. *Id.* § 195(1)(a). Defendants failed to provide Plaintiffs with such paystubs or notices at all relevant times. Compl. ¶¶ 57-58, 79-80. The Court therefore finds Defendants liable under the NYLL §§ 195(1), 195(3).

### D. Claims for Recovery of Equipment Costs

According to Plaintiff's sixth cause of action, Defendants' failure to reimburse Plaintiffs for purchasing the tools of the trade required to perform their jobs violates the FLSA and NYLL. Pursuant to the implementing regulations of the FLSA, "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35. In other words, "employers can require employees to bear the costs of acquiring and maintaining tools of the trade so long as those costs, when deducted from the employees' weekly wages, do not reduce their wage to below the required minimum." *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 511–12 (S.D.N.Y. 2010). "Similarly, under the NYLL, '[i]f an employee must spend money to carry out duties assigned by his or her employer, those expenses must not bring the employee's wage below the required minimum wage.'" *Feng Chen*, 2019 WL 2763836, at *11 (quoting N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.7(c)).

Plaintiffs' allegations are insufficient to establish liability under either statute because the Complaint does not specify the amount of money that Plaintiffs expended on purchasing their uniforms and bicycles, nor does it indicate "whether these costs infringe on their wages so as to

reduce them below the minimum threshold." *See Guan Ming Lin,* 755 F. Supp. 2d at 512. Default judgment on Plaintiff's sixth cause of action is therefore denied.

### E. Claims for Unlawful Deductions

The NYLL prohibits an employer or his agent from demanding, accepting, or retaining any part of the gratuities received by an employee or any part of any charge purported to be a gratuity for an employee. N.Y. Lab. Law. § 196-d. The allegations that Defendants withheld $500 in tips from both Plaintiffs, *see* Compl. ¶¶ 54, 76, therefore suffice to establish liability under the NYLL. Section 193 of the NYLL similarly prohibits an employer from making any deduction from the wages of an employee, except in certain instances specified by statute or regulation. N.Y. Lab. Law. § 193(1). As relevant here, the implementing regulations permit an employer to deduct a certain amount for meals. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.9. "Meals shall be deemed to be furnished by an employer to an employee when made available to that employee during reasonable meal periods and customarily eaten by that employee." *Id.* § 146-3.7. As the Complaint asserts that Salustio "never ate" any such meals, Compl. ¶ 78, Plaintiffs have established liability under NYLL § 193 with respect to Salustio.

### F. Violation of Timely-Payment Provisions

Lastly, the Complaint asserts that Defendants' alleged failure to pay "Plaintiffs on a regular weekly basis" violates the timely-payment requirements of the NYLL. Compl. ¶¶ 147-48. In pertinent part, the NYLL provides that "a manual worker shall be paid weekly and not later that seven calendar days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191. The NYLL defines a "manual worker" as a "mechanic, workingman, or laborer." *Id.* § 190(4). Even assuming that Plaintiffs' job responsibilities qualify them as manual workers under the statute, the only allegation pertinent to a claim of untimely payment—that "Defendants have

repeatedly failed to pay Plaintiffs wages on a timely basis," Compl. ¶ 8—is merely conclusory. Without any factual support or additional explanation about when or how often Plaintiffs were paid, the Court need not credit it as a well-pleaded allegation. Accordingly, the Court concludes that Plaintiffs have failed to establish Defendants' liability under NYLL § 191.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for default judgment is granted in part and denied in part. By separate order, the Court will refer this matter to Magistrate Judge Fox for an inquest into damages and attorneys' fees. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 26.

Dated:   June 10, 2021
         New York, New York

Ronnie Abrams
United States District Judge