┌─────────────────────────────────┐
│ USDC-SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC#:                            │
│ DATE FILED: 08/11/2022           │
└─────────────────────────────────┘

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO AYAYA DE JESUS, FREDY
SALUSTIO FLORES, individually and on
behalf of others similarly situated,

                    Plaintiffs,                    No. 20-CV-3619 (RA) (JW)

        v.                                         ORDER

P&N CUISINE INC., NIMNUAL
LIKITUARIN,

                    Defendants.

RONNIE ABRAMS, United States District Judge:

        On June 10, 2021, the Court granted in part and denied in part Plaintiffs' motion for default

judgment and referred the matter for an inquest into damages and attorneys' fees.  Now before the

Court is Magistrate Judge Willis' July 13, 2022 Report and Recommendation (the "Report"), which

recommends awarding Plaintiffs $135,942.00 in damages against the defaulting Defendants, plus

prejudgment interest, as well as $3,300.00 in attorneys' fees and costs.[1]  No party filed objections to

the Report.

        A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may object to a

magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with

a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* Report at 16 (advising

parties of deadline to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

72(b)(2)).  "When the parties make no objections to the Report, the Court may adopt the Report if

_____

[1] Specifically, Judge Willis recommended awarding Plaintiffs damages as follows: (1) damages for unpaid wages under the NYLL in the amount of $46,798.00; (2) damages for unpaid spread-of-hours-pay under the NYLL in the amount of $10,673.00; (3) damages for violations of the wage notice and wage statement provisions of the NYLL in the amount of $20,000; (4) damages for unlawful deductions in the amount of $1,000.00; (5) liquidated damages in the amount of $57,471.00; and (6) attorneys' fees and costs in the amount of $3,300.00.

'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).  "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 Fed. App'x 874, 875 (2d Cir. 2009) (citations omitted).

As no objections to Judge Willis' Report were filed, the Court reviews the Report for clear error.  After careful consideration of the record, the Court finds no error and thus adopts the thorough and well-reasoned Report in its entirety.  Accordingly, Plaintiffs are awarded $135,942.00 in damages against the defaulting Defendants plus prejudgment interest as calculated by the Clerk of Court, as well as $3,300.00 in attorneys' fees and costs.[2]  The Clerk of Court is respectfully directed to enter judgment for Plaintiffs and close this case.

SO ORDERED.

Dated:       August 11, 2022
             New York, New York

_____
Ronnie Abrams
United States District Judge

---

[2] As the Report notes, one of Plaintiffs' lawyers, Michael Faillace, has been temporarily suspended from the practice of law.  Although at least one court in this District has declined to award any fees for Mr. Faillace's work given his suspension, *see Tarax v. Blossom W. Inc.*, No. 19-CV-6228 (JSR), 2022 WL 2132749, at *2 (S.D.N.Y. June 14, 2022), the Court finds no clear error in Judge Willis' fee recommendation.  Not only did Mr. Faillace's work in this case predate his suspension, but Mr. Faillace has left the law firm that currently represents Plaintiffs, suggesting that he will not receive any portion of the fee award.  Multiple courts have recently awarded fees for work performed by Mr. Faillace under similar circumstances.  *See, e.g.*, *Espinoza v. Broadway Pizza & Rest. Corp.*, No. 17-CV-7995 (GBD) (KHP), 2021 WL 7903991, at *12 (S.D.N.Y. Nov. 18, 2021), *report and recommendation adopted*, 2022 WL 977068 (S.D.N.Y. Mar. 31, 2022); *Galeana v. Mahasan Inc.*, No. 14-CV-3625 (VSB) (KNF), 2021 WL 8776758, at *1 (S.D.N.Y. Dec. 21, 2021), *report and recommendation adopted*,  2022 WL 1684130 (S.D.N.Y. May 26, 2022); *Tambriz v. Taste & Sabor LLC*, No. 20-CV-5409 (AJN) (RWL), 2021 WL 6754956, at *13 (S.D.N.Y. Dec. 29, 2021), *report and recommendation adopted*, 2022 WL 282918 (S.D.N.Y. Jan. 31, 2022); *Salas v. Leo's Bagels Hanover Square LLC*, No. 21-CV-1728 (OTW), 2022 WL 2384153, at *2 (S.D.N.Y. July 1, 2022); *Cazares v. 2898 Bagel & Bakery Corp.*, No. 18-CV-5953 (AJN) (DF), 2022 WL 1410677, at *27 (S.D.N.Y. Apr. 7, 2022), *report and recommendation adopted*,  2022 WL 1406203 (S.D.N.Y. May 4, 2022).